UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

DARREN LUJAN,                )
                             )
    *Petitioner*,             )
                             )
v.                           )          Nos. 4:00-cr-023 / 4:03-cv-053
                             )          *Edgar*
UNITED STATES OF AMERICA,    )
                             )
    *Respondent*.             )

**MEMORANDUM**

Federal prisoner Darren Lujan ("Lujan") moves for post-conviction relief pursuant to 28 U.S.C. § 2255. Lujan claims he was deprived of his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution.

After reviewing the record, the Court concludes that Lujan's § 2255 motion will be **DENIED and DISMISSED WITH PREJUDICE**. The record conclusively shows that the motion is without merit and Lujan is not entitled to any relief under 28 U.S.C. § 2255. There is no need for an evidentiary hearing.

**I.    Standard of Review**

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. To warrant relief under § 2255 based on an alleged constitutional error, Lujan bears the burden of establishing an error of constitutional magnitude

which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). To warrant relief under § 2255 based on a motion alleging non-constitutional error, Lujan must establish a fundamental defect in the criminal proceedings which necessarily results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Watson*, 165 F.3d at 488; *Fair v. United States*, 157 F.3d 427, 430 (6th Cir.1998); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

## II.     Facts

The Court finds that Lujan has not met this burden. Lujan has not established an error of constitutional magnitude, i.e. a violation of his Sixth Amendment right to the effective assistance of counsel, which had a substantial and injurious effect or influence on the criminal proceedings. Moreover, Lujan has not established a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an egregious error that rises to the level of a violation of due process.

On November 15, 2000, the federal grand jury returned a ten-count indictment against co-defendants Lujan and Richard Hill [Case No. 4:00-cr-23, Court Doc. No. 9]. Lujan was charged in Count One with conspiracy to distribute in excess of 50 grams of a mixture and substance containing cocaine base (crack) in violation of 21 U.S.C. § 846. Lujan was charged in Counts Three and Five with aiding and abetting possession with the intent to distribute

cocaine base (crack) in violation of 21 U.S.C. §§ 2 and 841(a)(1). Count Four charged Lujan with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In Counts Seven and Eight, Lujan was charged with distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1).

Pursuant to a plea agreement, Lujan pleaded guilty on January 8, 2001, to Count One. Lujan signed the plea agreement. In the plea agreement, Lujan admitted that he violated 21 U.S.C. § 846 based on a conspiracy to distribute in excess of 50 grams of a mixture or substance containing cocaine base (crack). As part of the plea agreement, the United States agreed to dismiss Counts Three, Four, Five, Seven and Eight at the time of sentencing.

Paragraph 9 of the plea agreement provides the following factual basis in support of Lujan's guilty plea:

> Defendant Darren Lujan and co-defendant Richard Hill lived together during some of the time frame of the conspiracy set forth in Count One of the Indictment. During this time, Hill would sell crack cocaine out of the residence, while Lujan would assist him. Specifically, Hill would give to Lujan a portion of the proceeds from the crack sales in exchange for Lujan providing a place to Hill for the sale of crack. Additionally, Lujan would assist Hill in the distribution of crack in other ways such as making sales for Hill and collecting money.
>
> On December 1, 1998, members of the Franklin County Sheriff's Department executed a state search warrant at 224 W. England St., Cowan, Tennessee, a residence shared by Lujan and Hill. Upon entry Hill ran down the hallway to the bathroom and successfully flushed a plastic bag containing approximately 20-30 crack cocaine rocks while fighting off Officer Tony Bean.
>
> On January 1, 1999, Cowan Police Department executed a search warrant at 224 W. England St., Cowan, Tennessee. Upon entry and search of the residence a quantity of crack cocaine and marijuana was seized from Richard Hill and Darren Lujan. The drugs were found beneath the air

conditioner located on the front porch. Recovered was cocaine base 2.0 grams, $2,744.00 from Hill, $380.00 from Lujan, a .32 caliber pistol and .32 caliber ammunition. Lujan is a convicted felon (the firearm was found in his bedroom). Also recovered was a scanner and two pagers.

On February 25, 1999, the Cowan Police Department executed another search warrant at 224 W.England St, Cowan, Tennessee. Upon entry and search of the residence a quantity of crack cocaine was found under a seat cushion where Richard Hill was seated. A quantity of marijuana was also found during the search (inside a cast on the right arm of suspect Darren Lujan). Lujan stated the crack belonged to Hill. Approximately 1.8 grams of crack and $437 was recovered from Hill.

On July 1, 1999, agents with the 12th Judicial District Drug Task Force utilized a CS to purchase crack cocaine from Darren Lujan, at a cost of $50.00. The purchase took place at Lujan's residence located at 224 W. England St., Cowan, Tennessee. The material was tested and proved to be .3 grams of cocaine base.

On July 20, 1999, agents with the 12th Judicial District Drug Task Force again utilized a CS and purchased crack cocaine from Darren Lujan at a cost of $100.00. The purchase took place on Franklin St., Cowan, Tennessee. The substance has been tested and proved to be cocaine base 0.3 grams.

Numerous individuals implicate Hill and Lujan in the distribution of cocaine base. If this case had proceeded to trial, the United States would have called witnesses who would have testified that Hill and Lujan were involved in the distribution of crack cocaine together. Furthermore, the amount of crack distributed by Mr. Lujan during the pendency of the conspiracy would exceed fifty grams.

The transcript of the rearraignment hearing held on January 8, 2001, shows that the Court explained to Lujan that the 21 U.S.C. § 846 conspiracy charged in Count One involved in excess of 50 grams of cocaine base (crack). Lujan stated under oath in open court that he understood the conspiracy charge in Count One, he admitted it was true, and he knowingly and

voluntarily pled guilty. Lujan admitted and did not dispute that the conspiracy involved more than 50 grams of cocaine base (crack).

The government gave notice of its intent to use Lujan's two prior convictions to impeach him and to enhance Lujan's sentence pursuant to 21 U.S.C. § 851. Prior to sentencing the government made a motion for downward departure pursuant to U.S.S.G. § 5K1.1 based on Lujan's cooperation. At the time of sentencing, this Court granted the U.S.S.G. § 5K1.1 motion for downward departure. In sum, Lujan's attorney achieved an excellent result for Lujan by negotiating a very favorable plea agreement to have the other five counts of the indictment dismissed and to obtain a U.S.S.G. § 5K1.1 downward departure in the sentence.

The presentence investigation report ("PSR") attributed a total of 189.4 grams of cocaine base (crack) to Lujan concerning the Count One conspiracy. After reviewing the PSR with Lujan, defense counsel filed objections to the PSR. Lujan objected to certain amounts of cocaine base (crack) being attributed to him in the PSR. Lujan objected to being held responsible for a total of 189.4 grams of cocaine base (crack). However, Lujan knowingly and voluntarily admitted that he was responsible for more than 50 grams of cocaine base (crack) as charged in Count One. The Probation Officer issued an addendum to the PSR concerning Lujan's objections. Lujan's objections to the PSR were resolved by agreement between Lujan's counsel and the United States Attorney prior to the sentencing hearing. Lujan and the United States Attorney stipulated that 129.7 grams of cocaine base (crack) were attributable to Lujan.

During the sentencing hearing on April 16, 2001, the Court accepted the stipulation and determined that 129.7 grams of cocaine base (crack) were attributable to Lujan.

In short, the specific objections to the PSR made by Lujan and his counsel were resolved in Lujan's favor. This resulted in an offense level total of 32 with a sentencing range of 108 months to 135 months imprisonment. A judgment of conviction was entered against Lujan on April 24, 2001, and he was sentenced to a term of 120 months imprisonment plus five years supervised release, a $2,000 fine, and a special assessment of $100.

Lujan filed a direct appeal. One argument raised by Lujan on appeal was that the District Court erroneously sentenced him based on 189.4 grams of cocaine base (crack). Lujan again asserted that he was not responsible for 189.4 grams of cocaine base (crack). The Court of Appeals for the Sixth Circuit rejected this particular argument and affirmed the judgment of conviction and sentence. The Sixth Circuit held that Lujan waived the right to challenge the quantity of cocaine base (crack) attributed to him by agreeing to both the quantity (129.7 grams) and to the offense level assigned to him at sentencing. The Sixth Circuit also correctly noted that the District Court sentenced Lujan based on 129.7 grams of cocaine base (crack) and not 189.4 grams as mistakenly claimed by Lujan. *United States v. Lujan*, 2002 WL 1792076 (6th Cir. Aug. 2, 2002).

### III. Claim in § 2255 Motion

In his instant § 2255 motion, Lujan claims he was deprived of his Sixth Amendment right to effective assistance of counsel. Lujan contends that his counsel was ineffective in advising Lujan: (1) to plead guilty to Count One charging him with a drug-trafficking conspiracy in violation of 21 U.S.C. § 846 involving more than 50 grams of cocaine base (crack); and (2) to stipulate at sentencing that the quantity of cocaine base (crack) drug

exceeded 50 grams. Lujan asserts that the government could not have met its burden of proving that more than 50 grams of cocaine base (crack) were attributable to Lujan on the conspiracy charged in Count One. Based on information in the PSR, Lujan contends that only 11.2 grams of cocaine base (crack) should have been attributed to him at sentencing.

Lujan argues that he should have been advised by his counsel: (1) to plead not guilty to Count One; (2) to not stipulate that the quantity of cocaine base (crack) was in excess of 50 grams; and (3) to exercise his Fifth Amendment privilege against self-incrimination and put the government to the burden of proving that the quantity of cocaine base (crack) attributable to Lujan on Count One was in excess of 50 grams. The relief or remedy demanded by Lujan is that he wants this Court to modify and reduce his sentence on Count One pursuant to § 2255 to reflect that he should only be held responsible for 11.2 grams of cocaine base (crack).

As discussed *infra*, it is significant that Lujan does not make a claim that, but for his counsel's errors and deficient performance, Lujan: (1) would not have pleaded guilty to Count One; (2) would not have signed the plea agreement; and (3) would have insisted on going to trial on all of the charges against him in the indictment (Counts One, Three, Four, Five, Seven and Eight). Lujan does not seek to have his entire plea agreement set aside. Rather, Lujan seeks to keep and retain all of the benefits of his plea agreement that accrued to him including the dismissal of all other charges in the indictment, while at the same time he attempts to repudiate and renege on the part of the plea agreement wherein Lujan admits he is responsible for more than 50 grams of crack cocaine in the drug trafficking conspiracy charged in Count One.

## IV. Analysis

### A. Sixth Amendment Effective Assistance of Counsel: *Strickland* Test

The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall have the right to assistance of counsel for his defense. Ineffective assistance of counsel in violation of the Sixth Amendment occurs when an attorney's deficient performance causes actual prejudices to the criminal defendant. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004); *Smith v. Mitchell*, 348 F.3d 177, 199 (6th Cir. 2003); *Skaggs v. Parker*, 235 F.3d 261, 266-67 (6th Cir. 2000).

The Supreme Court in *Strickland* established a two-part test for evaluating ineffective assistance of counsel claims. First, Lujan must demonstrate that his counsel's performance was deficient, i.e. fell below an objective standard of reasonableness. Second, Lujan must establish that the deficient performance prejudiced his defense by depriving him of a fair proceeding. *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836-37; *Griffin*, 330 F.3d at 736; *Smith*, 348 F.3d at 199; *Mason v. Mitchell*, 320 F.3d 604, 616 (6th Cir. 2003); *Wickline v. Mitchell*, 319 F.3d 813, 819 (6th Cir. 2003); *Skaggs*, 235 F.3d at 267.

In determining whether the attorney's conduct was deficient under the first prong of the *Strickland* test, Lujan is required to demonstrate that his attorney's errors were so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687-88; *Sowell*, 372 F.3d at 836; *Wickline*, 319 F.3d at 819. The Court's scrutiny of the reasonableness of counsel's performance is highly deferential. Defense counsel

is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonable professional judgment and sound legal strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90 (strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance); *Sowell*, 372 F.3d at 837; *Campbell v. United States,* 364 F.3d 727, 730 (6th Cir. 2004); *Mason*, 320 F.3d at 616-17; *Wickline*, 319 F.3d at 819; *Skaggs*, 235 F.3d at 268; *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996); *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994).

Strategic choices made by an attorney after thorough investigation of the relevant facts and law are virtually unchallengeable. Strategic choices made by an attorney after less than complete investigation are reasonable precisely to the extent that reasonable professional judgment supports the limitation or restriction placed by the attorney on the investigation. Defense counsel has a duty to make an objectively reasonable decision that a particular investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Skaggs*, 235 F.3d at 268.

The second prong of the *Strickland* test requires Lujan to show that his attorney's deficient performance caused actual prejudice to Lujan. The prejudice component focuses on the issue whether counsel's deficient performance renders the result in the criminal case unreliable or renders the criminal proceeding fundamentally unfair. *Lockhart*, 506 U.S. at 372; *Skaggs*, 235 F.3d at 270. The Court must determine whether the performance of Lujan's counsel was so manifestly deficient and ineffective that defeat was snatched from the hands of probable

victory. *West*, 73 F.3d at 84; *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993); *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

To establish prejudice, Lujan must show a reasonable probability that, but for his counsel's errors and deficient performance, the result of the criminal proceeding would have been different and more favorable to Lujan. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the criminal proceeding. *Strickland,* 466 U.S. at 693-94; *Campbell,* 364 F.3d at 730; *Griffin*, 330 F.3d at 736; *Mason*, 320 F.3d at 617; *Wickline*, 319 F.3d at 819; *Skaggs*, 235 F.3d at 270-71; *Carter v. Bell*, 218 F.3d 581, 591(6th Cir. 2000); *Austin*, 126 F.3d at 848; *West*, 73 F.3d at 84.

Lujan was convicted and sentenced based on the plea agreement and his guilty plea. In *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985), the Supreme Court held that a Sixth Amendment claim of ineffective assistance of counsel in the context of a guilty plea is subject to the same standard of attorney competence as set forth in the first prong of the *Strickland* test. However, the prejudice prong of the *Strickland* test is adjusted and requires Lujan to allege and show there is a reasonable probability that, but for his counsel's errors and deficient performance, Lujan would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 58-59; *Humphress*, 398 F.3d at 858-59; *Griffin*, 330 F.3d at 736-37; *Miller v. Straub*, 299 F.3d 570, 578 (6th Cir. 2002); *Magana v. Hofbauer*, 263 F.3d 542, 547 (6th Cir. 2001); *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998); *Sullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993); *Thomas v. Folz*, 818 F.2d 476, 480 (6th Cir. 1987); *Mayes v. United States*, 93 F. Supp.2d 882, 890 (E.D. Tenn. 2000). In setting forth this standard of

prejudice, *Hill* emphasized the important, fundamental interest in the finality of guilty pleas. *Hill*, 474 U.S. at 58; *see also Mayes*, 93 F. Supp.2d at 890. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the criminal proceeding. *Strickland*, 466 U.S. at 694; *Humphress*, 398 F.3d at 859.

### B. No Violation of Lujan's Sixth Amendment Right to Counsel

The Court concludes that Lujan's Sixth Amendment claim of ineffective assistance of counsel is without merit. Lujan has not met his burden of showing either prong of the *Stickland* test. Lujan has not made a threshold showing that his counsel's performance was deficient and fell below an objective standard of reasonableness. Moreover, Lujan cannot establish that any alleged deficient performance by his counsel caused him actual prejudice. Lujan cannot show a reasonable probability that, but for his counsel's alleged errors and deficient performance, the result of the criminal proceeding would have been different and more favorable to Lujan.

The most glaring problem is that Lujan does not allege in his § 2255 motion and he fails to demonstrate there is a reasonable probability that, but for his counsel's alleged errors and deficient performance, Lujan would not have executed the plea agreement, would not have pleaded guilty to Count One, and would have insisted on going to trial on all charges against him in the indictment (Counts One, Three, Five, Four, Seven and Eight). Given the strength of the government's case against Lujan, and given the substantial benefits that accrued to Lujan by executing the plea agreement and pleading guilty to only Count One, the Court finds it is exceedingly unlikely and highly improbable that Lujan would have rejected the very favorable

plea agreement and insisted on going to trial on all six of the charges against him in the indictment. What Lujan does not seem to comprehend in his instant § 2255 motion is that if he had rejected the plea agreement and insisted on a trial, Lujan would have gone to trial on all charges against him in the indictment, not merely Count One.

In sum, Lujan clearly fails to state a viable Sixth Amendment ineffective assistance of counsel claim that satisfies the prejudice prong of the *Strickland* test in the context of his guilty plea. *Hill*, 474 U.S. at 58-59; *Griffin*, 330 F.3d at 736-37; *Miller*, 299 F.3d at 578; *Magana*, 263 F.3d at 547; *Ludwig*, 162 F.3d at 458; *Hunter,* 160 F.3d at 1115 (Section 2255 petitioner cannot satisfy prejudice prong of *Strickland* test in the absence of claim of actual innocence or allegation that he would have insisted on going to trial but for his counsel's alleged deficient performance); *Sullivan*, 11 F.3d at 576; *Thomas*, 818 F.2d at 480; *Mayes*, 93 F. Supp.2d at 890. For this reason alone, Lujan's § 2255 motion must be denied

The evidence of Lujan's culpability was overwhelming, and the possible cumulative sentence that he faced on all charges at a trial was far greater than what he received under the plea agreement. It must also be remembered that co-defendant and co-conspirator Richard Hill had executed his own plea agreement and was committed to testifying as a prosecution witness against Lujan at trial. Lujan's decision to execute the plea agreement and to plead guilty to Count One were clearly in his best interests. To put is mildly, Lujan could have done far worse if he had rejected the plea agreement and chosen to go to trial. Under these circumstances, Lujan's plea agreement and his guilty plea are objectively reasonable and are not evidence of ineffective assistance of counsel. *Cf. Hunter v. United States,* 160 F.3d 1109, 1115

(6th Cir. 1998). While Lujan has later come to believe that perhaps he could have achieved a better plea bargain or a better result at trial, his dissatisfaction does not rise to the level of showing ineffective assistance of counsel that violates the Sixth Amendment.  .

There is another reason why Lujan cannot show that his counsel's performance was deficient concerning the guilty plea on Count One and the terms of the plea agreement as to the quantity of cocaine base (crack). It appears that Lujan's § 2255 motion may be predicated in part on the flawed theory and false premise that Lujan and his counsel had the option of negotiating a different, more favorable plea agreement whereby Lujan would plead guilty to Count One with all of the other charges against him being dismissed and with the government either stipulating or only being able to prove that the Count One conspiracy involved less than fifty grams of cocaine base (crack).

This is nothing more than rank speculation, sheer conjecture, and wishful thinking on Lujan's part. The government affirmatively states that it never would have offered such a plea agreement to Lujan. The government would never have agreed to a plea bargain whereby Lujan could plead guilty to Count One, have all the other charges dismissed, and then be sentenced on Count One based on less than 50 grams or only 11.2 grams of cocaine base (crack). As the government's response correctly points out, the only way for Lujan to qualify for an offense level reduction for acceptance of responsibility and to benefit from a U.S.S.G. § 5K1.1 motion by the United States Attorney for a downward departure in sentencing was for Lujan to accept the existing plea agreement and to plead guilty to Count One as charged based on a conspiracy involving more than 50 grams of crack cocaine.

Lujan makes a conclusory statement that the government could not have met its burden of proving beyond a reasonable doubt that more than 50 grams of cocaine base (crack) were attributable to Lujan on the conspiracy charged in Count One. Lujan contends that based on information in the PSR, only 11.2 grams of cocaine base (crack) should have been attributed to him at sentencing. This argument fails.

The government responds that it was fully prepared, if necessary, to prove at trial that the conspiracy involved in excess of 50 grams of cocaine base (crack). The Court has no reason to doubt the government on this point. Lujan cannot obtain relief under § 2255 merely by making this conclusory allegation. Lujan has not come forward with any proof showing that the government was unable to prove that the quantity of crack cocaine exceeded 50 grams.

The key is that Lujan entered a knowing and voluntary plea of guilty on Count One. In the plea agreement, Lujan specifically admitted that the quantity of cocaine base (crack) he distributed during the conspiracy exceeded 50 grams. Lujan made the same admission under oath when he appeared at the rearraignment hearing. Lujan's solemn admission of guilt both in the plea agreement and under oath in open court carries a strong presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Curry v. United States*, 39 Fed. Appx. 993, 994 (6th Cir. 2002); *United States v. Parson*, 22 Fed. Appx. 518, 519 (6th Cir. 2001); *United States v. Salyers*, 165 F.3d 29 (Table, text at 1998 WL 708729, * 2 (6th Cir. Sept. 29, 1998); *Mayes*, 93 F. Supp.2d at 888. The Court finds that Lujan has not presented facts sufficient to rebut and overcome the strong presumption that his guilty plea and admissions made under oath are

truthful, especially with regard to the Lujan's admission of the specific fact that the conspiracy involved in excess of 50 grams of cocaine base (crack).

Even if we assume *arguendo* that Lujan should be held accountable for only 11.2 grams of cocaine base (crack) when being sentenced on Count One as he claims in his § 2255 motion, Lujan cannot demonstrate that he has suffered actual prejudice as a result of his counsel's alleged deficient performance which resulted in the plea agreement and Lujan's guilty plea on Count One. The base level offense for 11.2 grams of cocaine base (crack) is 26 and there would be a two level increase for Lujan's possession of the firearm which yields a total offense level of 28. With his criminal history category III, the sentencing guideline range for Lujan would be 97 to 121 months imprisonment. This Court sentenced Lujan to a term of 120 months imprisonment which falls within this proposed guideline range which has been calculated based on a hypothetical 11.2 grams of cocaine base (crack). Consequently, Lujan cannot establish the prejudice prong of the *Strickland* test. Lujan cannot show that the alleged deficient performance by his counsel caused him actual prejudice on the length of his term of imprisonment. Lujan cannot show a reasonable probability that, but for his counsel's alleged errors and deficient performance, the result of the criminal proceeding and his sentence of imprisonment would have been different and more favorable to Lujan.

Finally, the Court concludes that the particular relief sought by Lujan under 28 U.S.C. § 2255 is unusual and improper. Lujan does not state that he wishes to withdraw his guilty plea on Count One. Lujan does not demand that his plea agreement be set aside or declared void. Lujan does not seek to have his judgment of conviction on Count One vacated

so that he may proceed to trial on all of the charges against him in the indictment, namely Counts One, Three Four, Five, Seven and Eight.

Rather, Lujan seeks to maintain his guilty plea on Count One, but he wants the Court to hold a new sentencing hearing on Count One so that alleged errors committed by his counsel may be taken into account by the Court in determining a revised sentence based on 11.2 grams of cocaine base (crack). Thus, Lujan seeks to keep and retain all of the substantial benefits of the plea agreement that accrued to him including: (1) the dismissal of Counts Three, Four, Five, Seven and Eight of the indictment; (2) the decrease of two offense levels for acceptance of responsibility under U.S.S.G. § 3E1.1; and (3) the downward departure in sentencing under U.S.S.G. § 5K1.1. At the same time Lujan attempts to repudiate and renege on the part of his plea agreement wherein Lujan admits he is guilty as charged on Count One and admits he is responsible for more than 50 grams of cocaine base (crack) in the drug trafficking conspiracy. In other words, Lujan wants the Court to grant him relief under § 2255 by allowing him to breach the plea agreement and be resentenced on Count One without being exposed to the danger of being tried, convicted and sentenced on the other charges in the indictment. The Court cannot grant this particular relief requested by Lujan under § 2255.

Lujan's ploy directly contravenes the plea agreement. Lujan in effect wants to unilaterally alter and amend the terms of the plea agreement without the government's consent. A plea agreement is contractual in nature and it is enforced based on traditional principles of contract law. *Smith v. Stegall*, 385 F.3d 993, 999 (6th Cir. 2004); *United States v. Wells*, 211 F.3d 988, 995 (6th Cir. 2000); *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991). The

government entered into the plea agreement on the condition that Lujan plead guilty to Count One as charged in the indictment and that Lujan admit the conspiracy involved in excess of 50 grams of cocaine base (crack). In the absence of such an agreement and admission by Lujan, the government would not have agreed to the plea bargain.

If this Court were to grant relief to Lujan under § 2255 motion based on his Sixth Amendment ineffective assistance of counsel claim attacking the validity of his guilty plea and challenging the plea agreement, the Court would have to do the following: vacate the judgment of conviction, set aside the entire plea agreement, set aside the guilty plea on Count One, and set the case for trial so that the government may proceed to trial on all charges against Lujan in the indictment. The government would not be limited to prosecuting Lujan at trial only on Count One. The critical point is that Lujan does not ask for this remedy or result in his § 2255 motion.

The Court rejects the extraordinary demand for relief made by Lujan in his § 2255 motion. Either Lujan is satisfied with his guilty plea and the plea agreement, **or** he may pursue a Sixth Amendment ineffective assistance of counsel claim by attacking the validity of the plea agreement and his guilty plea and thereby seek to have the guilty plea and entire plea agreement set aside so that all charges against Lujan in the indictment can proceed to trial. But what Lujan cannot do is utilize § 2255 to pick and choose which parts of the plea agreement he wishes to have enforced. Under § 2255, Lujan cannot mount a selective partial attack on the validity of his plea agreement and guilty plea only as to the quantity of crack cocaine under Count One in an effort to obtain a reduction in sentence, but at the same time have the remainder of the plea agreement remain in force and effect with regard to the dismissal of the other charges against

him in the indictment.  Lujan cannot use the remedy in § 2255 to keep and retain all the benefits that accrued to him under the plea bargain, but at the same time repudiate and renege on those portions of the plea agreement that he no longer wishes to have enforced, i.e. his admission that the conspiracy charged in Count One involved more than 50 grams of cocaine base (crack).

Lujan does not seek to have his guilty plea and the entire plea agreement set aside or declared void.  The remedy proposed by Lujan in his § 2255 motion – modifying and reducing his sentence on Count One based on 11.2 grams of crack cocaine while keeping the rest of his guilty plea and the plea bargain in place – would have the impermissible effect of allowing Lujan to blatantly violate and breach the plea agreement.  The government entered into the plea agreement in good faith.  The government is entitled to have the full plea agreement enforced according to its plain terms unless the plea agreement is set aside for good cause or declared void.  Because Lujan's § 2255 motion does not seek to have the plea agreement set aside so that Lujan can withdraw his guilty plea on Count One and proceed to trial on all of the charges in the indictment, his instant motion fails to state or properly plead a viable Sixth Amendment claim for ineffective assistance of counsel upon which relief can be granted under 28 U.S.C. § 2255.

## IV. CONCLUSION

Accordingly, Lujan's motion for post-conviction relief brought under 28 U.S.C. § 2255 will be **DENIED and DISMISSED WITH PREJUDICE.**  A separate judgment will enter.

/s/ R. Allan Edgar
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE